UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
JOSEPH HAYON,

                              Petitioner,

              - against -

BRANDON SMITH,

                              Respondent.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-5545 (PKC)

PAMELA K. CHEN, United States District Judge:

Joseph Hayon, appearing *pro se*,[1] petitions this Court for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging his convictions and sentence for multiple counts of possession of a sexual performance by a child. For reasons detailed below, the petition is dismissed without prejudice to allow Petitioner an opportunity to exhaust his claims in state court.

## BACKGROUND

On December 11, 2017, Petitioner was convicted on 94 counts of possession of a sexual performance by a child. (Petition, Dkt. 1, at ECF[2] 1.) On January 31, 2018, he was sentenced to a term of 1-1/3 to 4 years' incarceration. (*Id.*) On February 1, 2018, Plaintiff appealed his convictions; that appeal is still pending. (*Id.* at ECF 2, 8.) On July 9, 2019, Plaintiff filed a Motion to Vacate Judgment under New York Criminal Procedure Law § 440.10. (*Id.* at ECF 4.) On

---

[1] Because Petitioner is *pro se*, the Court liberally construes his petition and interprets it "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quotation and italics omitted). However, the Court notes that it "'need not act as an advocate for'" Petitioner. *Curry v. Kerik*, 163 F. Supp. 2d 232, 235 (S.D.N.Y. 2001) (quoting *Davis v. Kelly*, 160 F.3d 917, 922 (2d Cir. 1998)).

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

August 23, 2019, Plaintiff filed for a state writ of *habeas corpus*. (*Id.*) Both applications are pending. (*Id.* at ECF 4−5.) Plaintiff also applied for bail pending appeal on June 12, 2019, and a hearing is scheduled on that application for October 30, 2019. (*Id.*)

## DISCUSSION

"A federal district court should dismiss a state prisoner's habeas petition 'if the prisoner has not exhausted available state remedies as to any of his federal claims' [because] 'states should have the first opportunity to address and correct alleged violations of state prisoner's federal rights.'" *Hust v. Costello*, 329 F. Supp. 2d 377, 379 (E.D.N.Y. 2004) (quoting *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)); *see also* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ."). This "exhaustion requirement is designed to avoid the unseemly result of a federal court upsetting a state court conviction without first according the state courts an opportunity to correct a constitutional violation." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (internal quotations, citations, and alterations omitted); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) ("Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief.")); *Baity v. McCary*, No. 02-CV-1817 (LAP) (AJP), 2002 WL 31433293, at *2 (S.D.N.Y. Oct. 31, 2002) ("A diminution of statutory incentives to proceed first in state court would also increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce." (citing *Duncan v. Walker*, 533 U.S. 167, 180 (2001)).

Accordingly, when presented with a *habeas* petition containing only unexhausted claims, a federal court "must exercise one of two options: (a) dismiss [without prejudice] for failure to exhaust, or (b) deny on the merits pursuant to § 2254(b)(2)." *Polanco v. Ercole*, No. 06-CV-1721 (RMB) (DFE), 2007 WL 2192054, at *8 (S.D.N.Y. July 31, 2007); *see also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

Here, Petitioner has not exhausted his state court remedies. As of the filing of the instant petition, Petitioner has four proceedings pending in state court. The Court exercises its discretion to *sua sponte* dismiss this petition without prejudice. *See Coppedge v. DeMarco*, No. 11-CV-455 (JS), 2011 WL 809438, at *1 (E.D.N.Y. Feb. 25, 2011) (*sua sponte* dismissing *habeas* petition because the petitioner did not exhaust his state court remedies); *Nash v. Evans*, No. 10-CV-361 (GLS), 2010 WL 1423196, at *2 (N.D.N.Y. Apr. 9, 2010) (same). The Court chooses not to decide the petition on its merits because the Court does not have the benefit of a trial transcript and thus cannot determine whether Petitioner's claims are "plainly meritless" or "patently frivolous." *See Madison v. Colvin*, No. 17-CV-7250 (JMA), 2019 WL 3321748, at *5 (E.D.N.Y. July 24, 2019) ("If the unexhausted claims are 'plainly meritless,' the district court can dismiss these claims on the merits" (quoting *Williams v. Artus*, 691 F. Supp. 2d 515, 526 (S.D.N.Y. 2010))). Given that Petitioner has filed a Notice of Appeal, with the assistance of counsel, it would not be futile for Petitioner to attempt to exhaust his claims and "the timeliness of any subsequent habeas petition under the AEDPA appears not to be a concern." *Liao v. Evans*, No. 13-CV-966 (LEK), 2014 WL 3535727, at *5 (N.D.N.Y. July 16, 2014).

## CONCLUSION

For the reasons set forth above, the petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 is dismissed without prejudice. Petitioner is denied a certificate of appealability, as he has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Middleton v. Att'ys Gen.*, 396 F.3d 207, 209 (2d Cir. 2005) (denying certificate of appealability where petitioner has not shown that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (quotations and ellipsis omitted)). Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully requested to enter judgment and close this case accordingly.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 8, 2019
      Brooklyn, New York